**Vincent F. Gerbino, Esq.**
**Bruno Gerbino Soriano & Aitken, LLP**
**445 Broad Hallow Road, Ste 420**
**Melville, New York 11747**
**Tel. 631.390.0010; F: 631.393.5497**
**E-Mail: VGerbino@bgslaw-ny.com**
**File No. 21-4163**
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANEES KHAN<br><br>Plaintiff,<br><br>v.<br><br>K1 INVESTMENT MANAGEMENT LLC ("K1"); TRACKFORCE, INC., a subsidiary of TRACKFORCE TOP CO., d/b/a TRACKFORCE VALIANT,<br><br>Defendants. | CIVIL ACTION NO: 2:24-CV-07860-JWM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND & ASSERT COUNTERCLAIM**

Plaintiff Anees Khan, by and through his attorney, opposes the Defendants' motion to amend and assert a counterclaim against Plaintiff Khan. The motion should be denied under Fed.R.Civ.P. 13. Defendants have not met the standard to amend their pleading.

1

## I. BACKGROUND

On February 7, 2025, Plaintiff filed an Amended Complaint. The Amended Complaint, which is the operative Complaint in this matter, contains the following causes of action: (i) breach of contract, (ii) fraud & conspiracy to commit fraud; (iii) unjust enrichment; (iv) breach of the implied covenant of good faith & fair dealing; (v) fraud & conspiracy to commit fraud; (vi) violations of the New York Labor Law Section 198.

On March 14, 2025, Defendants filed an Answer to the Amended Complaint ("Answer") in which it denied that Plaintiff was owed any amounts under the Commission Agreement or otherwise related to his employment with Trackforce Valiant

The Court entered a Scheduling Order on February 28, 2025, setting April 21, 2025, as the deadline for amendments to the pleadings. Defendants filed Motion to Amend & Counterclaim on that deadline

## II. ARGUMENT

### DEFENDANTS MOTION FOR LEAVE TO AMEND
### FAILS TO MEET THE STANDARD UNDER FED.R.CIV.P. 13

Other than a miniscule mention, i.e. ***[t]hese are compulsory counterclaims under Federal Rule of Civil Procedure 13(a)*** (See Defendants' Memorandum in Support, page 4), the Defendants' motion fails to meet the standard in which to Amend their Answer. Instead, Defendants grasp to the inappropriate R.15

Neither Fed. R. Civ. P. 15 nor Local Rule 15.1 address counterclaims or third-party complaints. Rather, counterclaims are specifically addressed by Fed. R. Civ. P. 13 respectively, and their counterparts in the Local Rules. Hence, the relevant subsections of Fed. R. Civ. P. 13 states:

> **(e) Counterclaim Maturing or Acquired After Pleading.** A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.
>
> **(f) Omitted Counterclaim.** When a pleader fails to set up a counterclaim *through oversight, inadvertence, or excusable neglect, or when justice requires,* the pleader may by leave of court set up the counterclaim by amendment. Fed. R. Civ. P. 13(e),(f).

Nonetheless, even though Rule 13 specifically addresses counterclaims. Defendants bring their motion pursuant only to Fed. R. Civ. P. 15 and its counterpart in Local Rule 15.1.

Defendants fail to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires.

That the Federal Rules of Civil Procedure set out specific requirements for bringing counterclaims and Rule 13 indicates that such claims must be brought pursuant to those Rules, and

not solely under the general amendment requirements of Rule 15. After all, if parties could add counterclaims and third-party complaints via a motion for leave to amend under Rule 15 alone, the requirement in Rules 13 would be easily circumvented, leaving those rules without force or effect.

Because Defendants have brought their Motion to Amend essentially only pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1, Defendants have not asserted nor established the grounds for seeking permission of the Court to present a counterclaim that matured or was acquired after pleading under Fed. R. Civ. P. 13(e) to present an omitted counterclaim under Fed. R. Civ. P. 13(f). Accordingly, the Court should deny Defendants' Motion to add a counterclaim.

***Defendants' Counterclaim Would be Futile***.

Whether to grant leave to amend rests in the sound discretion of the Court. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing <u>Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995)</u>; and *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)). While the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied when amendment would be futile, *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006)). Amendment would be futile if the proposed claim could not withstand a motion to dismiss. <u>F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017)</u> (quoting <u>Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d Cir. 2015)</u>). As set forth below, the Plaintiff Khan was terminated on September 5, 2025. There was no mention of this fictional "Fraudulent," commissions being earned.

*Termination of September 5, 2024.*

To demonstrate this is nothing more than gamesmanship and a misuse of the Fed.Rule of Civil Procedure 13, this is a breach of contract and failure to pay earned commissions to Plaintiff Khan. Defendants terminated Plaintiff Khan via letter September 5, 2024 (Ex. 1). There was no mention of Defendants asserting a counterclaim, discipline, gross misconduct, or describing a modicum of what appears in the retaliatory Counterclaim. If Plaintiff Khan owed such back money, why would the employer offer money and not mention a counterclaim? This is a misuse of the litigation pleadings to thwart a legitimate contract action for failure to pay

## CONCLUSION

Defendants' Motion for Leave to Amend its Answer to Assert Counterclaims against Plaintiff Anees Khan ("Plaintiff") should be denied. Defendants have failed to meet their burden under Fed.R.Civ.P. 13. Further, an amendment would be futile.

                      Respectfully submitted,

                      *Vincent F Gerbino* /s/.

By _____

                    **Vincent F. Gerbino, Esq.**
                    **Bruno Gerbino Soriano & Aitken, LLP**
                    **445 Broad Hallow Road, Ste 420**
                    **Melville, New York 11747**
                    **Tel. 631.390.0010; F: 631.393.5497**
                    **E-Mail: VGerbino@bgslaw-ny.com**

Dated: May 7, 2025

**Word Count Certification**

      I, Vincent F. Gerbino, Esq., hereby certify pursuant to the Local Rules of the United States District Court for the Eastern District of New York that the foregoing Memorandum of Law contains 1,033 words, excluding the caption, table of contents, table of authorities, and signature block. This document complies with the word count limit set forth in the applicable rules.

                                        *Vincent F Gerbino* /s/.

                      By _____

                            **Vincent F. Gerbino, Esq.**
                            **Bruno Gerbino Soriano & Aitken, LLP**
                            **445 Broad Hallow Road, Ste 420**
                            **Melville, New York 11747**
                            **Tel. 631.390.0010; F: 631.393.5497**
                            **E-Mail: VGerbino@bgslaw-ny.com**

Dated: May 7, 2025